UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN SCOTT WEDINGTON, | Civil No. 12-2808 (JRT/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| ERIC HOLDER, Attorney General, and JANET RENO, | |
| Respondents. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

I.  **BACKGROUND**

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota. He is serving a life sentence that was imposed in 1982 after he pleaded guilty to second-degree murder in a federal criminal case in the District of Maryland. In 2005, a

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

commitment order was entered against Petitioner pursuant to 18 U.S.C. § 4245, which "provides for the hospitalization of an imprisoned person suffering from a mental disease or defect, until he no longer needs treatment or his prison sentence expires, whichever occurs first." United States v. Wedington, 409 Fed.Appx. 969, 970 (8th Cir. 2011) (unpublished opinion). (See also United States v. Wedington, Civil No. 05-767 (DSD/SRN) (D.Minn. 2005) 2005 WL 1270915 (Report and Recommendation recommending § 4245 commitment).)

Petitioner commenced the present action by filing a habeas corpus petition in the United States District Court for the District of Columbia. The case was transferred to this District, because Petitioner is currently confined in Minnesota. (See "Transfer Order" dated October 5, 2012; [Docket No. 3].) Petitioner is seeking a writ of habeas corpus that would cause him to be released from custody. (Petition, [Docket No. 1], p. 7.) That request must be denied.

## II. DISCUSSION

Petitioner cannot be granted a writ of habeas corpus, because he has not presented any colorable claim for relief. Although the petition purports to state four distinct grounds for relief, in reality, Petitioner has presented just a rambling collection of absurd sentence fragments. (Petition, pp. 4-6.) The petition states, for example, that Petitioner once met former President Clinton in a police station, and the President made him a rear admiral; that Petitioner previously accepted a position as a marshal supervisor, and subsequently apprehended 2513 bank robbers; that Petitioner was accompanied by former Attorney General Janet Reno when he arrested several "public enemies;" that Petitioner impeached a Judge; that Petitioner was "exonerated" by former President Clinton, "with Reagan's

backing;" and that Petitioner has been "blasted" by a corrections officer wielding a single barrel shotgun.

After carefully considering all of the allegations presented in the current petition, the Court cannot discern any possible grounds for granting Petitioner a writ of habeas corpus. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, the Court will further recommend that his pending application to proceed <u>in forma pauperis</u>, (Docket No. 2), be summarily denied.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed <u>in forma pauperis</u>,(Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED.

Dated: November 14, 2012

                                         s/ *Franklin L. Noel*
                                         FRANKLIN L. NOEL
                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 29, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.