UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN SCOTT WEDINGTON, | Civil No. 12-2808 (JRT/FLN) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| ERIC HOLDER, *Attorney General*, and JANET RENO, | |
| Respondents. | |

Calvin Scott Wedington, #18915-037, Federal Medical Center, PMB 4000, Rochester, MN 55904, petitioner *pro se*.

Ann M. Bildtsen, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondents.

Petitioner Calvin Scott Wedington has brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from federal custody. This matter is now before the Court on Wedington's objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Franklin L. Noel on November 15, 2012. The Magistrate Judge recommended that the Court summarily dismiss Wedington's petition. The Court has reviewed *de novo* the portions of the R&R to which Wedington objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). For the reasons outlined below, the Court will overrule the objections, adopt the R&R, and order that Wedington's petition for habeas relief be dismissed.

27

## BACKGROUND

Wedington is a federal prisoner serving a life sentence that was imposed in 1982 after he pleaded guilty to second-degree murder in the District of Maryland. He has been confined at the Federal Medical Center in Rochester, Minnesota, since 2005, pursuant to a commitment order under 18 U.S.C. § 4245, which "provides for the hospitalization of an imprisoned person suffering from a mental disease or defect, until he no longer needs treatment or his prison sentence expires, whichever occurs first." *United States v. Wedington*, 409 F. App'x 969, 970 (8th Cir. 2011).

On September 6, 2012, Wedington filed a petition for a writ of habeas corpus (the "September petition") in the District of Columbia under 28 U.S.C. § 2241, requesting release from custody. (Case No. 12-2474, Pet., Sept. 6, 2012, Docket No. 1.) The case was transferred to this District, and on October 11, 2012, the Magistrate Judge issued an R&R recommending the summary dismissal of Wedington's petition. (Case No. 12-2474, R&R, Oct. 11, 2012, Docket No. 6.) Wedington filed objections to the R&R on October 19, 2012. (Case No. 12-2474, Objections, Oct. 19, 2012, Docket No. 7.) This Court overruled Wedington's objections, and dismissed the September petition without prejudice. (Case No. 12-2474, Order, Nov. 9, 2012, Docket No. 12.)

On October 15, 2012, before objecting to the Magistrate Judge's R&R regarding the September petition, Wedington filed another habeas petition (the "October petition")

in the District of Columbia that was nearly identical to the September petition.[1] (Case No. 12-2808, Pet., Oct. 15, 2012, Docket No. 1.)[2] The case was transferred to this District, and on November 15, 2012, the Magistrate Judge issued an R&R recommending summary dismissal of Wedington's § 2241 petition. (Case No. 12-2808, R&R, Nov. 15, 2012, Docket No. 5.) Wedington filed timely objections to the R&R, which are now before the Court. (Case No. 12-2808, Objections, Nov. 29, 2012, Docket No. 7.)

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and

---

[1] The seven handwritten pages stating the basis for Wedington's October and September petitions are identical photocopies. The only difference in the two petitions is that a Judgment and Commitment Order is attached to the October petition, whereas minutes of a 1983 parole board hearing are attached to the September petition.

[2] The Court notes that Wedington's October petition was filed before this Court dismissed his September petition without prejudice. Thus, when Wedington filed his October petition, he did not yet know that this Court would reject the identical claims asserted in his September petition as failing to present a colorable claim for relief. Similarly, when Wedington filed his October petition, he did not yet know that this Court would dismiss his September petition without prejudice, allowing him an opportunity to refashion his arguments, if possible, into claims which would present a basis for relief. This Court will dismiss Wedington's October petition without prejudice to allow him to take advantage of this opportunity. However, to be clear, if Wedington again files an identical petition, this Court will summarily dismiss such a petition with prejudice. *See, e.g.*, *Newman v. Meggs*, No. 4:08cv127, 2008 WL 4058073, at *1 (N.D. Fla. Aug. 24, 2008) (dismissing a second § 2241 petition in almost identical circumstances, noting that "[e]ven assuming the [magistrate's] recommendation in the other case is not well taken, Petitioner's recourse is to file objections and – if the recommendation is adopted – an appeal in that case, not to pursue the same claims in a separate case"); *Abdel-Whab v. Ridge*, No. Civ.A. 04-5386, 2005 WL 551352, at *4 (E.D. Pa. Mar. 3, 2005) (dismissing a second, identical § 2241 petition as an abuse of the habeas writ).

recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, Civ. No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[3] In the absence of specific objections, however, the Court reviews the R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

## II.   WEDINGTON'S OBJECTIONS

Wedington's filing raises only two arguments which are cognizable as objections to the Magistrate Judge's R&R. Because Wedington's other statements – referencing, for example, his right to equal employment opportunities, his military background, and his impeachment of a judge – are unclear and do not reference the R&R, the Court will

---

[3] Here, the Magistrate Judge issued a recommendation applying Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts to Wedington's petition. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are appropriately applied to habeas petitions brought under 28 U.S.C. § 2241. *Glore v. Fed. Bureau of Prisons*, Civ. No. 11-1045, 2011 WL 2748696, at *1 (D. Minn. July 14, 2011).

address only Wedington's objections to this Court's jurisdiction and the authority of the Magistrate Judge to review habeas petitions.

### A. Subject Matter Jurisdiction

Wedington objects to the R&R, arguing that jurisdiction over his petition was proper in the District of Columbia – where Wedington filed his petition – and that this Court lacks jurisdiction. "A petitioner may attack the execution of his sentence through § 2241 **in the district where he is incarcerated**[.]" *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (emphasis added); *see also Jefferson v. Zych*, Civ. No. 12-682, 2012 WL 2395498, at *1 (D. Minn. June 25, 2012). Wedington concedes that he has sought habeas relief under § 2241, and does not dispute that he is currently incarcerated in Minnesota. Therefore, this Court has subject matter jurisdiction over Wedington's petition, and will overrule Wedington's objection.

### B. Authority of Magistrate Judge

Wedington next seems to object to the Magistrate Judge's involvement in reviewing his habeas petition.[4] United States District Court Judges are permitted to

---

[4] To the extent Wedington's objections could be construed as a motion to recuse Magistrate Judge Noel, the Court likewise would find these objections to lack merit. Wedington requests that a panel of district court judges be substituted for Magistrate Judge Noel, because Wedington argues that Magistrate Judge Noel is "plainly . . . against petitioner getting justice and due process of the law." (Objections at 3.) Wedington has failed to identify any "personal bias or prejudice arising from an extrajudicial source," *see Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989), and therefore has no basis for recusal. Wedington's general criticisms of the Magistrate Judge have no basis in law or fact, and therefore do not form the basis for any relief. *See United States ex rel. Sammarco v. Ludeman*, Civ. No. 09-880, 2010 WL 681454, *4

(Footnote continued on next page.)

designate magistrate judges to "submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B) (footnote omitted); *see also United States v. Matthews*, 268 F. App'x 499, 500 (8th Cir. 2008). Because the Magistrate Judge had the authority to issue an R&R related to Wedington's habeas petition, the Court will overrule Wedington's objections to the Magistrate Judge's involvement in the process.[5]

**ORDER**

Based upon all of the files, records, and proceedings herein, the Court **OVERRULES** Petitioner's objections [Docket No. 7] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated November 15, 2012 [Docket No. 5]. **IT IS HEREBY ORDERED** that:

1. Petitioner's applications for leave to proceed *in forma pauperis* [Docket No. 2] and [Docket No. 6] are **DENIED**;

---

(Footnote continued.)

(D. Minn. Feb. 25, 2010) (dismissing unfounded criticisms of a magistrate judge as not providing any basis for relief).

[5] While the Court interprets Wedington's objections to take issue only with subject matter jurisdiction and the Magistrate Judge's authority, the Court has carefully reviewed the entirety of the R&R and finds, as the Magistrate Judge did, that Wedington has failed to present a colorable claim for relief. Because Wedington's habeas corpus petition must be dismissed, the Court also adopts the R&R's recommendation that Wedington's pending applications to proceed *in forma pauperis* be denied.

-7-

      3.      Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED without prejudice**.

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 2, 2013  
at Minneapolis, Minnesota.

                                                                                                          s/ John R. Tunheim  
                                                                                                      JOHN R. TUNHEIM  
                                                                                 United States District Judge